**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAREN MONTES; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | Case No.: **'13CV1411 CAB BLM** |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| **CREDIT CONTROL, LLC,** | |
| Defendant. | |

///
///
///
///
///
///
///
///
///
///

*KAZEROUNI LAW GROUP, APC*
*2700 N. Main Street, Ste. 1000*
*Santa Ana, California 92705*

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## INTRODUCTION

1. KAREN MONTES ("Plaintiff") bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CREDIT CONTROL, LLC and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq*., thereby invading Plaintiff's privacy.  Plaintiff allege as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by her attorneys.

2. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.  Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company incorporated in the State of Florida

and with its principal place of business in the State of Florida. Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4.   Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the State of California and the County of San Diego.

## PARTIES

5.   Plaintiff is, and at all times mentioned herein, a citizen and resident of the County of San Diego, State of California.

6.   Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose principal place of business and State of incorporation is Florida. Defendant has a policy and practice of recording telephone conversations with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

7.   Defendant is, and at all times mentioned herein was, a professional corporation. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

8.   At all times relevant, Plaintiff was an individual residing within the County of San Diego, State of California.

9.   On June 11, 2013, Defendant contacted Plaintiff by telephone in order to inquire about a consumer that was represented by Plaintiff's employer, Hyde & Swigart ("H&S"), with regard to an alleged debt alleged to be owed by said consumer. Plaintiff spoke with Defendant and discussed topics protected by the attorney-client privilege and the personal financial information of H&S' client.

10.  When Defendant initiated the June 11, 2013 telephonic communication, Defendant did not immediately warn Plaintiff that the June 11, 2013 telephonic communication would be recorded.

11.  Plaintiff is accustomed to, and expects to, hear such warnings prior to being recorded when confidential topics will be recorded.

12.  Only after Plaintiff inquired as to whether or not the June 11, 2013 telephonic communication was being recorded, Defendant's agent confirmed that Plaintiff was being recorded.   Plaintiff terminated the telephonic communication immediately thereafter.

13.  At no point during the confidential conversation with Plaintiff was Plaintiff warned by Defendant that Defendant was recording the June 11, 2013 telephonic communication.  At no point during the June 11, 2013 telephonic communication did Plaintiff consent to being recorded.

14.  During the conversation with Defendant, Plaintiff discussed highly confidential information protected by the attorney-client privilege that Plaintiff was precluded from openly discussing with others.

15.  Plaintiff had no reasonable expectation that the telephone conversation with Defendant would be recorded due to the private subject matter being discussed.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

16. Plaintiff was shocked to discover that such confidential communications were being recorded by Defendant without Plaintiff's knowledge or consent.

17. Plaintiff found Defendant's clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.

18. The conversation with Plaintiff was without Plaintiff's knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiff. Plaintiff was not informed at the outset of Plaintiff's telephonic communication that Plaintiff's telephone calls were being recorded. At no time during the call did Plaintiff give consent for the telephone call to be recorded.

19. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

20. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

21. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq.*

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("The Class").

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

23. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose outbound telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

24. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

26. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

27. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant has a policy of recording outgoing calls;

   b. Whether Defendant discloses to callers and/or obtains their consent that their outgoing telephone conversations were being recorded;

   c. Whether Defendant's policy of recording outgoing calls constituted a violation of California Penal Code §§ 632(a); and, 637.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

d. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

28. Plaintiff asserts claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

29. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

30. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

32.   Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION

## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

33.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.   Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

35.   California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the

---

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

36.   Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

37.   Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

38.   Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.6(a).

39.   At no time during which these telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of The Class that the recording of their telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

40.   Defendant, knowing that this conduct was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq*., did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the telephone conversations between Plaintiff and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

41.   Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

42.   Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

- That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;
- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;
- For exemplary or punitive damages;
- For costs of suit;
- For prejudgment interest at the legal rate; and
- For such further relief as this Court deems necessary, just, and proper.

///

///

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: June 17, 2013

KAZEROUNI LAW GROUP, APC

By:  _/s Abbas Kazerounian_____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705